UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JAMES CAMPBELL** | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | **CASE NO. 3:15 CV** |
| **MIDLAND FUNDING LLC** | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | |
| **Defendants.** | ) | |

## **COMPLAINT**

1. Plaintiff brings this action against defendants to obtain relief for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

2. This Court has jurisdiction under 15 U.S.C. §1692k(d).

3. Venue in this District is appropriate because defendants' collection letter was received at plaintiff's Connecticut address and defendants intentionally aimed the activities at issue toward Connecticut.

4. Plaintiff James Campbell is a natural person to whom defendants mailed a collection letter address to his postal address in Old Greenwich CT.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Defendants engaged in collection efforts and communicated with Plaintiff on or after one year before the date of the filing of this action, regard to Plaintiff's account allegedly originating with WebBank ending in 2701.

7. The WebBank account arose from servicing by Dell Financial Services L.L.C. (DFS)

8. The WebBank account was a credit account that plaintiff used to finance purchase of a personal Dell computer.

9. Each Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. The principal purpose of defendants is the purchase or collection of defaulted debts using the mails and telephone.

11. Defendant Midland Funding, LLC ("Funding") is licensed as a debt buyer in Connecticut by the Connecticut Department of Banking.

12. Defendant Midland Credit Management, Inc. ("MCM") is licensed as a consumer collection agency by the Connecticut Department of Banking.

13. Defendants are wholly owned subsidiaries of Encore Capital Group, Inc.

14. In June, 2013, Encore acquired Asset Acceptance Capital Corp. together with its portfolio of debt it had purchased after charge-off.

15. Asset Acceptance Capital Corp. together with its debt-buying subsidiaries, is now a wholly owned subsidiary of Encore Capital Group, Inc.

16. In late 2013, Asset Acceptance filed a small claims action in Stamford CT against Mr. Campbell, seeking to recover on the above DFS/ WebBank account.

17. In response Mr. Campbell's attorney notified Asset Acceptance's attorney of her representation and of Mr. Campbell's dispute about "this old Dell account."

18. In December 2013, Asset Acceptance withdrew the small claims action.

19. On or about October 23, 2015, the Defendants wrote and sent to the plaintiff by U.S. mail a collection or dunning letter (the "October 23 Letter") which attempted to induce plaintiff into paying the WebBank account.

20. Upon information and belief, the October 23 letter was the initial letter sent by defendants to plaintiff.

21. The letter did not contain the notice required by 15 U.S.C. §1692g.

22. When Mr. Campbell called MCM to dispute the account, the MCM collector told him that the account dated from 2003, and he should write a letter about his dispute.

23. Defendants' October 23 Letter did not explain that the debt was time-barred (beyond the statute of limitations).

24. Defendants' letter did not disclose "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

25. Defendants violated the prohibition of a 9/9/15 consent order between Encore and the Consumer Financial Protection Bureau by failing to include the language.

26. Defendants had entered into a similar consent order regarding time-barred accounts with the New York Attorney General in early January 2015.

27. The October 23 letter included an asterisked paragraph that stated: "If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**" (Emphasis in original.)

28. Upon information and belief, defendants were not reporting the subject account to credit bureaus due to its age.

29. Because of the age of the WebBank account, Defendants should have disclosed that Funding had not or "may not" report or continue to report the account to the credit reporting agencies.

30. Because of the age of the WebBank account, Defendants should have disclosed that Funding "would not" report or continue to report the account to the credit reporting agencies,

31. Defendants intended to motivate consumers who received collection letters twice

mentioning credit reporting to make payment arrangements in order to protect their credit report.

32. Defendants' policy is to use credit reporting as an effective collection tool. *E.g.*, *Edeh v. Midland Credit Mgmt.*, *Inc*., 748 F. Supp. 2d 1030 (D. Minn. 2010), *aff'd on other grounds*, 413 Fed. Appx. 925 (8th Cir. 2011) ("[T]hreatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver"), because credit reporting is a "powerful tool designed, in part, to wrench compliance with payment terms from" debtors. *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993); *see e.g., Gonzales v. Arrow Financial Services*, *LLC*, 660 F.3d 1055, 1062-64 (9th Cir. 2011) (false threats to report the debt to a CRA violated the FDCPA); *Creighton v. Emporia Credit Service*, *Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997) (same).

33. Defendants violated the FDCPA, including 15 U.S.C. §§ 1692c, 1692e(2)(A), 1692e(5), 1692e(10), 1692g, or 1692f.

34. Defendants' acts as described above were done with the purpose of inducing Plaintiff to pay the time-barred account.

35. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against each Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

      (c)    That the Court grant such other and further relief as may be just and proper,

Respectfully submitted,

Date: Dec. 23, 2015                             **/s/ Joanne S. Faulkner**
                                                        Joanne S. Faulkner ct04137
                                                        faulknerlawoffice@snet.net
                                                         123 Avon Street
                                                         New Haven, CT 06511-2422
                                                         (203) 772-0395